**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG ASPDIN, et al., | CIVIL ACTION NO. 10-6490 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| STANLEY FOGGIA, et al., | |
| Defendants. | |

**COOPER, District Judge**

Plaintiffs, Craig Aspdin, Vivian Aspdin, and C&V Management Company, LLC ("Plaintiffs"), brought this action against defendants, Stanley Foggia and Patricia Foggia ("Defendants"), claiming that Defendants fraudulently concealed defects in real property (the "property") Plaintiffs purchased from Defendants, specifically, petroleum hydrocarbon contamination associated with an Underground Storage Tank ("UST") removed from the property in 2000.  (Dkt. entry no. 1, Compl.)  Plaintiffs allege that the contamination caused (1) an oily sheen on the surface of an in-ground swimming pool on the property, and (2) petroleum-type odors pervasive in and around the property.  (Id. at 5-6.) Plaintiffs seek rescission of the contract of sale for the property, money damages for the cost of repairs to the property, and money damages based on strict liability.  (Id. at 6-9.)

Defendants now move to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to

Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Dkt. entry no. 11, Mot. Dismiss.)  Defendants contend that (1) the alleged defects were disclosed to Plaintiffs, such that they cannot state a claim for fraudulent concealment, and (2) use and maintenance of a UST for home heating oil, as a matter of law, is not an ultrahazardous activity subject to strict liability.  (Dkt. entry no. 11, Def. Br. at 7-8.)  Plaintiffs oppose the motion.  (Dkt. entry no. 12, Pl. Br.)

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and determines the motion on the briefs without an oral hearing, pursuant to Local Civil Rule 78.1(b).  The Court, for the reasons stated herein, will deny the motion.

## BACKGROUND

Plaintiffs entered into a Contract of Sale with Defendants on April 9, 2007, wherein they agreed to purchase the property for $425,000.00.  (Compl. at ¶ 24 & Ex. A, Contract of Sale.)  Closing occurred on or around May 10, 2007.  (Id. at ¶ 25 & Ex. B, Deed.)  Plaintiffs allege that after the transfer of title of the property, they began to observe an oily sheen on the surface of the property's in-ground swimming pool.  (Id. at ¶¶ 26-27, 29.)  When Plaintiffs replaced the liner of the swimming pool, they noticed that the bottom of the liner had been painted black, and "petroleum-type odors pervasive at the pool area, as well as . . . in and around their home and yard."  (Id. at ¶ 28.)

Plaintiffs allege, on information and belief, that (1) Defendants caused a 550 gallon UST to be removed from the property in October 2000; (2) post-excavation soil samples showed significant petroleum hydrocarbon contamination; (3) remediation efforts, including groundwater extraction, soil excavation, and the placement of monitoring wells, were made in 2002; and (4) groundwater samples were collected from the monitoring wells in November 2002 and March 2003.  (Id. at ¶¶ 14, 17-20, 23.) Plaintiffs further allege that environmental testing performed at their request in February 2009 confirmed the defects alleged. (Id. at ¶ 32.)  Plaintiffs posit that Defendants "concealed, covered, and/or coated areas of the Property and/or the Pool to prevent Plaintiffs . . . from discovery of the contamination." (Id. at ¶ 34.)

## DISCUSSION

### I.   Rule 12(b)(6) Standard

A court may dismiss a complaint pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  In addressing a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. Cnty. of Allegheny, 515 F.3d

3

224, 233 (3d Cir. 2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

The Court, when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004) (citation omitted).

Defendants have provided the Certification of Marc Gaffrey, their attorney, in support of their motion. The Certification

contains four exhibits: a copy of the Complaint (Gaffrey Cert., Ex. A); a document titled "Seller's Property Condition Disclosure Statement" (id., Ex. B, Disclosure Stmt.); an email exchange between Stanley Foggia and Plaintiffs' agent, dated May 7-8, 2007, regarding Plaintiffs' request for a reduction in the purchase price of the property due to the necessity of repairs to the chimney, driveway, and pool liner (id., Ex. C, Emails); and a letter dated May 7, 2007, from Plaintiffs' attorney regarding Plaintiffs' receipt of an inspection report and advising that the attorney would, after reviewing the report with Plaintiffs, forward a letter regarding items that Plaintiffs would like addressed by Defendants (id., Ex. D, 5-7-07 Letter).

Plaintiffs have also attached exhibits to their "Verified Objection to Defendants' Motion to Dismiss," including: (1) a letter from Synergy Environmental Inc., dated April 5, 2009, reporting the results of the soil sampling at the property to Plaintiffs (Ex. A); (2) a "Pool Inspection" (Ex. B); and (3) a May 8, 2007 follow-up letter from Plaintiffs' attorney advising that Plaintiffs would accept a $10,000 purchase price reduction if Defendants did not retain licensed professionals to make repairs to the chimney, driveway, and pool (Ex. C). (Dkt. entry no. 12.)

The Court finds all of these documents, except the Complaint and the exhibits attached thereto, wholly inappropriate for

consideration on a motion to dismiss.  The two documents attached to the Complaint-the Contract of Sale, and the Deed-are not at issue, and may properly be considered at the current procedural posture.  However, the emails and letters, inspection reports, and particularly the alleged "Disclosure Statement" clearly constitute "matters outside the pleadings," and are not explicitly referred to in the Complaint.  To the extent Defendants suggest that the Disclosure Statement is a matter of public record, their argument relies on the unsupported factual inference that "the condition of the property had not changed since the signature of the Disclosure Statement," which is inappropriate at this juncture.  (Dkt. entry no. 17, Def. Reply Br.)

The Court will therefore exclude these exhibits from consideration.  As no party has suggested that the Court convert the motion to one for summary judgment, pursuant to Rule 12(d), the Court declines to do so <u>sua</u> <u>sponte</u> at this time.

**II.  Fraudulent Concealment Claims**

Defendants' arguments that the fraudulent concealment claims must be dismissed for failure to state a claim rely entirely on the existence and content of the Disclosure Statement.  (<u>See</u> Def. Br. at 16, 19.)  Defendants assert that because the Disclosure Statement disclosed the removal of the UST and subsequent

6

remediation of the property, Plaintiffs cannot maintain that these facts were intentionally concealed.  (<u>Id.</u> at 16.)

As the Court has excluded the Disclosure Statement from consideration in deciding the instant motion to dismiss, the relief Defendants seek must be denied.  Even if the Court were to convert the motion to one for summary judgment, the purported "Disclosure Statement" is challenged by Plaintiffs as (1) "not . . . signed by Plaintiffs" and (2) "dated December 2005," which is significant because the closing of the sale of the property occurred in May 2007.  (Pl. Br. at 3-4.)[1]  Accordingly, Defendants' motion insofar as it seeks dismissal of the fraudulent concealment claims will be denied.

**III. Strict Liability Claim**

Defendants rely on the Disclosure Statement in support of their argument that the strict liability claim must be dismissed because Plaintiffs voluntarily assumed the risk of disclosed defects.  (Def. Br. at 17-19.)  For the reasons discussed above, we reject this argument.

---

[1] <u>See also</u> Pl. Br. at 8 ("[T]he disclosure statement used as an exhibit by the Defendants in their non-verified pleading was never reviewed or executed by Plaintiffs.  The signatures indicated on the disclosure statement are not those of the Plaintiffs and the document is dated December 2005.").  The Court makes this observation without prejudice to Defendants to later move for summary judgment, following the procedures set forth in Rule 56(c) and Local Civil Rule 56.1.

Defendants also contend that, as a matter of law, the use of an underground storage tank for home heating oil is not an ultra-hazardous activity to which strict liability may attach. (Id. at 21 (citing Biniek v. Exxon Mobil Corp., 818 A.2d 330 (N.J. App. Div. 2002).)[2] In Biniek, the court, in deciding a motion for summary judgment, determined that storage of gasoline using USTs was not subject to the doctrine of abnormally dangerous activity, and the defendant could not be held strictly liable for its role in either the supply or storage of gasoline at the site in question. 818 A.2d at 598-602. The Biniek court observed:

> With respect to these claims of strict liability, New Jersey has adopted the doctrine of abnormally dangerous activity. This doctrine imposes liability on those who, despite social utility, introduce an extraordinary risk of harm into the community for their own benefit. Although the law will tolerate such hazardous conduct, the risk of loss is allocated to the enterpriser who engages in it. To determine the doctrine's applicability, New Jersey has adopted the principles set forth in the Restatement of Torts, 2d. . . . [W]hether an activity is abnormally dangerous is to be determined on a case by case basis. In considering the issue, a court is guided by the following factors:
>
>   (a)  existence of a high degree of risk of harm to the person, land, or chattels of others;
>   (b)  likelihood that great harm would result

---

[2] We observe that New Jersey courts have abandoned the terminology "ultrahazardous activity" in favor of "abnormally dangerous activity." See In re Complaint of Weeks Marine, Inc., No. 04-494, 2005 WL 2290283, at *4 (D.N.J. Sept. 20, 2005) (citing Dep't of Envtl. Prot. v. Ventron Corp., 468 A.2d 150, 157 (N.J. 1983)).

```
                    therefrom;
            (c)     the inability to eliminate those risks
                    through the exercise of reasonable care;
            (d)     the common usage of the activity;
            (e)     the appropriateness of the activity; and
            (f)     the value of the activity to the
                    community.
```

Id. at 598-99 (citing Restatement (Second) of Torts ("Restatement"), § 520 (1977)) (internal citations omitted).

The parties do not address the Restatement § 520 factors for determining whether an activity is abnormally dangerous. Plaintiffs, however, contend that the Biniek case is factually distinguishable, insofar as it concerned USTs at a public gasoline service station as opposed to a private residence. (Pl. Br. at 9.) Plaintiffs' argument only highlights what Weeks Marine instructs: although the question of whether an activity is abnormally dangerous is ultimately a question of law to be resolved by the Court, the Restatement "explicitly considers a weighing of facts in evidence, instead of making a decision based upon the pleadings alone," such that the analysis "is more appropriately undertaken on a more complete record," and not at the motion to dismiss stage. Weeks Marine, 2005 WL 2290283, at *5 (citing Restatement § 520, comment *l*). Accordingly, the Court will deny the part of the motion seeking to dismiss the strict liability claim as premature at this juncture.

9

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will deny Defendants' motion to dismiss.  The Court will issue an appropriate order separately.


                                            s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge


Dated:    October 13, 2011