# MORRISON MAHONEY LLP

### COUNSELLORS AT LAW

WATERVIEW PLAZA
2001 US HIGHWAY 46, SUITE 200
PARSIPPANY, NEW JERSEY 07054
973-257-3526
FACSIMILE: 973-257-3527

| | |
|---|---|
| MASSACHUSETTS | NEW HAMPSHIRE |
| BOSTON | MANCHESTER |
| FALL RIVER | |
| SPRINGFIELD | NEW JERSEY |
| WORCESTER | PARSIPPANY |
| CONNECTICUT | NEW YORK |
| HARTFORD | NEW YORK |
| ENGLAND | RHODE ISLAND |
| LONDON | PROVIDENCE |

Christopher E. Martin
Phone:  973-257-3526 Ext. 2561
cmartin@morrisonmahoney.com

April 18, 2012

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran,
Dunst & Doukas, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, New Jersey 08903

        RE:    Aspdin, et al. v. Foggia, et al. v. McKenna, Dupont Higgins & Stone, P.C., et als.
               Civil Action No.:  3:10-CV-06490-MLC-LHG
               MM File No.:  10046855

Dear Mr. Gaffrey:

        Enclosed please find a copy of third-party defendant, Gavin Agency LLC's Answer to the Amended Third-Party Complaint that was e-filed today in regard to the above-entitled matter.

        Thank you.

                                        Very truly yours,

                                        Christopher E. Martin

CEM/le
Enclosure
cc:    Melinda D. Middlebrooks, Esq.
       Matthew S. Marrone, Esq.
       Craig J. Huber, Esq.
       John R. Scott, Esq.
       Taylor & Friedberg

987301v1

**MORRISON MAHONEY LLP**
**Waterview Plaza**
**2001 U.S. Highway 46 East, Suite 200**
**Parsippany, New Jersey 07054**
**Tel (973) 257-3526**
**Fax (973) 257-3527**
**Attorneys for Third-Party Defendant, Gavin Agency LLC**

| | |
|---|---|
| CRAIG ASPDIN, VIVIAN ASPDIN and C&V MANAGEMENT COMPANY, LLC,<br>     Plaintiffs,<br><br>v.<br><br>STANLEY FOGGIA, PATRICIA FOGGIA, ABC CORPORATION, XYZ LLC, JOHN DOES 1-5 and JANE DOES 1-5, JOINTLY and SEVERALLY,<br>     Defendants,<br><br>and<br><br>STANLEY FOGGIA and PATRICIA FOGGIA,<br>     Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>MCKENNA, DUPONT, HIGGINS & SJTONE P.C., PRUDENTIAL ZACK SHORE PROPERTIES, GAVIN AGENCY LLC, LAWES ENVIRONMENTAL SERVICES LLC, DEMAIO'S INC., HANDEX OF NEW JERSEY, INC., JOHN DOES (1-100) and XYZ COMPANIES (1-10),<br>     Third-Party Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY TRENTON, NEW JERSEY CIVIL ACTION NO.: 3:10-CV-06490-MLC-LHG<br><br>**ANSWER TO AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES, RESERVATIONS, CROSS-CLAIMS, ANSWER TO CROSS-CLAIMS, REQUEST FOR ALLOCATION, NOTICE TO PRODUCE DOCUMENTS, DEMAND FOR ANSWERS TO INTERROGATORIES, DEPOSITION NOTICE, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, PROOF OF MAILING** |

     Third-Party Defendant, Gavin Agency LLC (hereinafter "Third-Party Defendant"), by and through its attorneys, Morrison Mahoney LLP, by way of Answer to the Amended Third-Party Complaint hereby says:

987300v1

## THE PARTIES

1.      Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

2.      Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

3.      Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

4.      Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

5.      Third-Party Defendant denies the allegation contained in this paragraph.

6.      Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

7.      Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

8.      Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

987300v1

9.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

10.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

**COUNT I**
**(Breach and Default of Contract)**

11.     Third-Party Defendant denies the allegation contained in this paragraph.

12.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

13.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

14.     Third-Party Defendant denies the allegation contained in this paragraph.

15.     Third-Party Defendant denies the allegation contained in this paragraph.

16.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

17.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

987300v1

18.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

19.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

20.     Third-Party Defendant denies the allegation contained in this paragraph.

21.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

22.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

23.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

24.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

25.     Third-Party Defendant denies the allegation contained in this paragraph.

26.     Third-Party Defendant denies the allegation contained in this paragraph.

27.     Third-Party Defendant denies the allegation contained in this paragraph.

987300v1

28.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

29.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

30.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

31.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

32.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

**WHEREFORE**, third-party defendant demands judgment, dismissing the Amended Third-Party Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

<u>**COUNT II**</u>
**(Unjust Enrichment)**

33.     Third-Party Defendant repeats and restates its responses to the allegations and claims above as if set forth herein at length.

987300v1

34.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

35.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

36.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

37.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

38.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

39.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

40.     Third-Party Defendant denies the allegation contained in this paragraph.

41.     Third-Party Defendant denies the allegation contained in this paragraph.

42.     Third-Party Defendant denies the allegation contained in this paragraph.

43.     Third-Party Defendant denies the allegation contained in this paragraph.

44.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

45.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

46.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

47.     Third-Party Defendant denies the allegation contained in this paragraph.

**WHEREFORE**, third-party defendant demands judgment, dismissing the Amended Third-Party Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

## COUNT III
### (Negligence)

48.     Third-Party Defendant repeats and restates its responses to the allegations and claims above as if set forth herein at length.

49.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

50.     Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

51.     Third-Party Defendant denies the allegation contained in this paragraph.

987300v1

52.   Third-Party Defendant denies the allegation contained in this paragraph.

53.   Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

54.   Third-Party Defendant neither admits nor denies the allegation contained in this paragraph but leaves defendants/third-party plaintiffs to their proofs as it does not apply to it, but if deemed applicable it is denied.

55.   Third-Party Defendant denies the allegation contained in this paragraph.

**WHEREFORE**, third-party defendant demands judgment, dismissing the Amended Third-Party Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

**COUNT IV**
**(Common Law Indemnity)**

56.   Third-Party Defendant repeats and restates its responses to the allegations and claims above as if set forth herein at length.

57.   Third-Party Defendant denies the allegation contained in this paragraph.

58.   Third-Party Defendant denies the allegation contained in this paragraph.

**WHEREFORE**, third-party defendant demands judgment, dismissing the Amended Third-Party Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendants/Third-Party Plaintiffs are not entitled to any relief.

987300v1

## SECOND AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs are barred from relief by the Unclean Hands Doctrine.

## THIRD AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Third-Party Defendant did not violate any duty owed to defendants/third-party plaintiffs under common law, case law, statutes, regulations, contracts or standards of care.

## FIFTH AFFIRMATIVE DEFENSE

Third-Party Defendant is free from any and all negligence.

## SIXTH AFFIRMATIVE DEFENSE

Third-Party Defendant's conduct was not the proximate cause of defendants/third-party plaintiffs' alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Third-Party Defendant is not a proper party under jurisdiction, venue and service grounds.

## EIGHTH AFFIRMATIVE DEFENSE

Third-Party Defendant is immune from any liability by virtue of the applicable statutes of the State of New Jersey, including, but not limited to the Affidavit of Merit Statute.

987300v1

## NINTH AFFIRMATIVE DEFENSE

At all times alleged, third-party defendant conducted itself in full compliance with all applicable federal, state and local laws, statutes, ordinances, regulations, contracts, standards of care, common law, contractual law and case law relative to the within subject matter which said compliance bars the claims asserted against it.

## TENTH AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs' claims are barred by the Entire Controversy Doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs are barred from recovery based upon the Doctrines of Promissory, Equitable and/or Judicial Estoppel as well as Laches.

## TWELFTH AFFIRMATIVE DEFENSE

Third-Party Defendant acted reasonably and properly under the circumstances involved herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant reserves the right to move for a dismissal of the Amended Third-Party Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs lack standing to bring this matter and the matter should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant is not in breach of any fiduciary and/or loyalty duties.

987300v1

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs' negligence was the proximate cause of this claim, barring any recovery against this third-party defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs are not entitled to punitive, exemplary and/or bad faith damages, if asserted, based upon third-party defendant's conduct and in accordance with the United States and the New Jersey Constitutions, as well as statutes and case law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant has no liability for the acts/omissions of third-parties not under its control.

## NINETEENTH AFFIRMATIVE DEFENSE

Third-Party Defendant is not responsible or liable in any way for the fraudulent and/or criminal acts of any person, entity or party.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs' claims fail due to the applicable statutes of limitations which require dismissal of all claims against third-party defendant with prejudice.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Third-Party Defendant acted at all times in good faith and with fair dealing and acted properly under the statutes and in regard to any representation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs' claims fail due to not naming indispensable parties.

987300v1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants/Third-Party Plaintiffs are barred and/or limited in their ability to recover for failure to mitigate their damages.

**WHEREFORE**, third-party defendant demands judgment, dismissing the Amended Third-Party Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

## RESERVATIONS

1.     The answering third-party defendant reserves its right to rely upon any affirmative defenses or separate defenses pleaded by any other party hereto, except to the extent that such defenses attempt to impose responsibility or liability upon the answering third-party defendant.

2.     Third-Party Defendant reserves the right to apply for relief under Rule 11 as appropriate.

**WHEREFORE**, third-party defendant demands judgment, dismissing the Amended Third-Party Complaint, and any and all claims against it with prejudice, along with costs, attorneys' fees, interest and all other relief deemed appropriate by this Court.

## CROSS-CLAIMS

1.     If defendants/third-party plaintiffs sustained damages in the manner alleged in the Amended Third-Party Complaint, all of which this third-party defendant denies, such damages were caused by reason of the negligence, breach of contract, product modification or misuse, acts of omission and/or commission by the co-defendants.

987300v1

2.      By reason of the foregoing, third-party defendant is entitled to contribution and/or common-law and/or contractual indemnification, and/or insurance coverage, from, and to have judgment against the co-defendants herein, for all or part of any verdict or judgment that defendants/third-party plaintiffs may recover against third-party defendant.

**WHEREFORE**, third-party defendant demands judgment of contribution, defense and indemnification and insurance coverage from co-defendants herein, dismissing any and all claims against third-party defendant in this matter with prejudice, together with all defense costs and attorneys' fees, as well as interest and all other relief deemed appropriate by this Court.

## ANSWER TO ALL CROSS-CLAIMS

Third-Party Defendant denies any and all cross-claims asserted against it and demands dismissal of same with prejudice, together with costs, attorneys' fees and interest along with all other relief deemed appropriate by this Court.

**WHEREFORE**, third-party defendant demands judgment dismissing any and all claims against it in this matter with prejudice, along with costs, attorneys' fees and interest and all other relief deemed appropriate by this Court.

## REQUEST FOR ALLOCATION

If any party settles prior to verdict, this third-party defendant will seek an allocation by the fact finder of the percentage of negligence and/or other liability against each settling party. This third-party defendant will seek this allocation, whether or not this third-party defendant has formally filed a cross-claim against the settling defendants.  This third-party defendant will rely upon the direct examination and cross-examination of defendants/third-party plaintiffs' fact and/or expert witnesses, and any and all other witnesses offered by any party at the time of trial, in support of this allocation and specifically reserves the right to call any and all such witnesses.

## <u>NOTICE TO PRODUCE DOCUMENTS</u>

**PLEASE TAKE NOTICE,** that demand is hereby made of the plaintiffs, defendants/third-party plaintiffs, and co-defendants by third-party defendant, that each produce true, complete and accurate originals of authorizations and/or copies of the following other documents to this office, per the Rules of Civil Procedure, holding the originals of any copies in unaltered condition until the final conclusion of this litigation, to provide the originals upon request during the course of this litigation by the defense:

1.     Any and all photographs which the parties and/or counsel may have regarding the within matter.

2.     Any and all expert reports, including the complete expert files of all consulting and trial experts.

3.     Any and all incident reports, governmental reports, police reports and/or municipal court reports/records and/or County, State and/or Federal records and/or reports regarding this incident.

4.     Any and all witness statements which the parties and/or counsel may have regarding the within matter.

5.     Any and all reports, records and/or bills which the parties and/or counsel may have regarding the within matter.

6.     Any and all prior discovery, as well as all pleadings, motions, orders, answers to interrogatories, deposition transcripts, demand for documents and responses to same, requests for admissions, and responses thereto exchanged between parties in this and/or any prior related action, with attachments and/or amendments.

987300v1

7.      If economic loss is being asserted by the parties, provide all of said party's tax returns and tax records and any and all related tax return support documents for years 2002 through the present; this, like all of these demands, is a continuing demand.

8.      Provide all pleadings, motions and discovery from any and all previous and/or concurrent litigations and/or all documents from investigations of any and all prior/concurrent claims involving the parties.

9.      Provide a complete copy of the investigation file maintained by each party's counsel for this matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

**PLEASE TAKE NOTICE** that demand is made that the plaintiffs, defendants/third-party plaintiffs, and co-defendants provide answers to the following Interrogatories within the time prescribed by the Rules of Civil Procedure:

1.      State your full name, present address and date of birth.

2.      Describe in detail your version of all factual events which are the subject of this legal action and Amended Third-Party Complaint setting forth all dates, locations and times.

3.      Provide a detailed description of the nature, extent and duration of any and all alleged damages.

4.      If employed at the time of the occurrences in the Amended Third-Party Complaint, state:  (a) name and address of employer; (b) position held and nature of work performed; (c) average weekly wages for past year; (d) period of time lost from employment, giving dates; and (e) amount of wages lost, if any.

5.      If loss of income, profit or earnings is claimed:  (a) state total amount of the loss; (b) give a complete detailed computation of the loss; and (c) state the nature and source of the loss of income, profit and earnings, and the date of the deprivation.

6.      Itemize in complete detail any and all moneys expended or expenses incurred related to this matter and state the name and address of each payee and the amount paid and owed each payee.

7.      Itemize any and all other losses or expenses incurred not otherwise set forth.

8.      Identify all documents that may relate to this action, and attach copies of each such document.

9.      State the names and addresses of all eyewitnesses to any of the occurrences, their relationship to you and their interest in this lawsuit.

10.      State the names and addresses of all persons who have knowledge of any facts relating to the case.

11.      If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe:  (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

987300v1

12.     If you claim that the third-party defendant made any admissions as to the subject matter of this lawsuit, state:  (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

13.     If you or your representative and the third-party defendant have had any oral communication concerning the subject matter of this lawsuit, state:   (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

14.     If you have obtained a statement from any person not a party to this action, state: (a) the name and present address of the person who gave the statement; (b) whether the statement was oral or in writing and if in writing, attach a copy; (c) the date the statement was obtained; (d) if such statement was oral, whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it; (e) if the statement was written, whether it was signed by the person making it; (f) the name and address of the person who obtained the statement; and (g) if the statement was oral, a detailed summary of its contents.

15.     If you claim that the violation of any statute, rule, regulation or ordinance is a factor in this litigation, state the exact title and section.

16.     State the names and addresses of any and all proposed expert witnesses.  Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume.  Also attach true copies of all written reports provided to you by any such proposed expert witnesses.

987300v1

With respect to all expert witnesses, including treating physicians, who are expected to testify at trial and with respect to any person who has conducted an examination pursuant to Rule 4:19, who may testify, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you. If a report is not written, supply a summary of any oral report provided to you.

State with subject matter on which your experts are expected to testify.

State the substance of the facts and opinions to which your experts are expected to testify and a summary of the grounds for reach opinion.

17.     State whether you have ever been convicted of a crime. YES ( ) or NO ( ). If the answer is "yes", state: (a) date; (b) place; and (c) nature.

I certify that the responses to these Interrogatories are true and documents attached to same are complete and accurate and if these responses are willfully false, I am subject to punishment.

_____

## NOTICE TO TAKE ORAL DEPOSITIONS

**PLEASE TAKE NOTICE**, that in accordance with the Rules of Civil Practice and Procedure, testimony will be taken by deposition upon oral examination before a person authorized by the laws of the State of New Jersey to administer the oaths on Tuesday, June 12, 2012 at 10:00 a.m. at the law office of Hoagland, Longo, Moran, Dunst & Doukas, LLP, 40 Paterson Street, New Brunswick, New Jersey 08903, with respect to all matters relevant to the subject matter involved in this action, at which time and place you will please produce the following persons whose testimony is to be taken:

**STANLEY FOGGIA and PATRICIA FOGGIA**

## DEMAND FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that the undersigned demands that within five (5) days of service of this responsive pleading, defendants/third-party plaintiffs serve upon this office a written statement of the amount of damages claimed in the above-entitled action.

## JURY DEMAND

Third-Party Defendant hereby demands trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Christopher E. Martin, Esq., is hereby designated as trial counsel on behalf of third-party defendant in the above-captioned matter.

## PROOF OF MAILING

I, Christopher E. Martin, Esq., hereby certify that on this date that I served via electronic mail, a true and accurate copy of the within Answer to the Amended Third-Party Complaint on behalf of third-party defendant, Gavin Agency LLC, to the following:

Clerk, United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

I hereby certify that on this date I served via electronic and regular mail, a true and accurate copy of the within Answer to the Amended Third-Party Complaint on behalf of third-party defendant, Gavin Agency LLC, to the following:

Melinda D. Middlebrooks, Esq.
Middlebrooks Shapiro & Nachbar, P.C.
1767 Morris Avenue, Suite 2A
Union, New Jersey 07083
*Counsel for Plaintiffs*

987300v1

Marc S. Gaffrey, Esq.
Hoagland, Longo, Moran,
Dunst & Doukas, LLP
40 Paterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
*Counsel for Defendants/Third-Party Plaintiffs,*
*Stanley Foggia and Patricia Foggia*


Matthew S. Marrone, Esq.
Lucas & Cavalier, LLC
126 White Horse Pike, 3rd Floor
Haddon Heights, NJ  08035
*Counsel for Third-Party Defendant,*
*McKenna, Dupont, Higgins & Stone, P.C.*


Craig J. Huber, Esq.
Archer & Greiner, PC
One Centennial Square
Haddonfield, NJ  08033
*Counsel for Third-Party Defendant, DeMaio's Inc.*


John R. Scott, Esq.
Hardin, Kundla, McKeon & Poletto
673 Morris Avenue
Springfield, NJ 07081
*Counsel for Third-Party Defendant,*
*Prudential Zack Shore Properties*


I certify that the foregoing statements made by me are true.  I am aware that if any of the

statements made by me are willfully false, I am subject to punishment.

**Morrison Mahoney LLP**
Attorneys for Third-Party Defendant,
Gavin Agency LLC


Dated:  April 18, 2012            By: _____
                                      Christopher E. Martin, Esq.

987300v1