**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG ASPDIN, et al., | CIVIL ACTION NO. 10-4690 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| STANLEY FOGGIA, et al., | |
| Defendants. | |

**THE PLAINTIFFS**, Craig Aspdin and Vivian Aspdin ("Aspdins") and C&V Management Company, LLC ("C&V"), commenced this action against the Defendants, Stanley Foggia and Patricia Foggia ("Foggias"). (See dkt. entry no. 1, Compl.)  The Aspdins allege that they purchased real property ("Property"), including a swimming pool ("Pool"), from the Foggias in the spring of 2007.  (See id. at ¶¶ 24-25; see also dkt. entry no. 11, Foggias' Br. Upon Mot. to Dismiss Compl. at 10.)[1]  At closing, the Aspdins were represented by Meryl M. Polcari, Esquire ("Polcari") and the Foggias were represented by the law firm of McKenna, DuPont, Higgins & Stone, P.C. ("MDHS").  (See dkt. entry no. 51, Am. Third-Party Compl. at ¶¶ 11-12; dkt. entry no. 64, Fourth-Party Compl. at ¶¶ 1-2.)

---

[1] It appears that the Aspdins are the sole members of C&V. (See dkt. entry no. 12, Aspdins' Opp'n to Mot. to Dismiss Compl. at 1-3.)  It further appears that the Aspdins agreed to purchase the real property at issue on behalf of C&V, and that the deed for that property was executed in the name of and delivered to C&V.  (See Compl., Ex. A, Contract of Sale at 1, 8; Compl., Ex. B, Deed.) With this understanding, the Court, for ease of reference, will collectively refer to the Aspdins and C&V as "the Aspdins".

**THE ASPINS** now seek to rescind the Contract of Sale and recover financial damages related to their purchase of the real property at issue. (See generally id.) The Aspdins allege that the Foggias, prior to the sale of the Property: (1) failed to disclose that the Property earlier housed an underground oil storage tank ("UST"); (2) failed to disclose that the UST had been removed from the Property; (3) failed to disclose that oil from the UST had contaminated soil located on the Property; and (4) purposefully and knowingly concealed the soil contamination at the Property. (See id. at ¶¶ 14-23, 28, 38-40, 43-45.) The Foggias oppose rescission of the Contract of Sale. (See generally dkt. entry no. 21, Answer to Compl.)

**THE FOGGIAS** filed the Third-Party Complaint and, following dismissal of that pleading, the Amended Third-Party Complaint. (See Am. Third-Party Compl.) They allege in the Amended Third-Party Complaint that they prepared a "Sellers' Property Disclosure Condition Statement", which disclosed the existence of, removal of, and soil contamination issues related to the UST formerly housed on the Property. (See id. at ¶¶ 21-22, 36, 49.) The Foggias thus raise claims against, inter alios, MDHS. (See id.) They allege that MDHS "fail[ed] to fully perform the services for which [it] was retained" by "fail[ing] to provide Plaintiffs with the Sellers' Property Disclosure Condition Statement prior to the sale of the

subject property". (Id. at ¶¶ 21-22.) They allege that MDHS was unjustly enriched by its failure to perform. (See id. at ¶ 36.) They also alleged that MDHS was unjustly "breached its duty to the Defendants" by "fail[ing] to list, market, disclose all conditions, and allegedly provide Plaintiffs with the Sellers' Property Disclosure Condition Statement prior to the sale of the subject property." (Id. at ¶ 50.)

**MDHS**, in turn, filed the Fourth-Party Complaint, raising claims for contribution from and indemnification against Polcari. (See generally Fourth-Party Complaint.) MDHS therein "denies that it had any duty to provide the Sellers' Property Disclosure Condition Statement to the plaintiffs, or to ensure that plaintiffs received the Sellers' Property Disclosure Condition Statement, or to ensure the plaintiffs were otherwise made aware of the prior existence of the UST on the subject property." (Id. at ¶ 11.) It asserts without further explanation "that if it is found liable to plaintiffs or third-party plaintiffs, any damages sustained by plaintiffs or third-party plaintiffs were caused by the negligence of fourth-party defendant Polcari in this matter." (Id. at ¶¶ 13, 17.) MDHS seeks contribution from Polcari, arguing that "Polcari is directly liable to plaintiffs or third-party plaintiffs for their damages, liable over to MDHS, or jointly and severally liable with MDHS and other defendants and third-party defendants." (Id.

3

at ¶ 14.) It alternatively seeks to indemnify itself against Polcari, arguing that "MDHS' liability will be secondary, indirect, passive, vicarious or imputed, and the liability of Polcari will be direct, active or primary." (Id. at ¶ 17.)

**POLCARI** now moves to dismiss the Fourth-Party Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (See dkt. entry no. 70, Polcari Mot.) MDHS opposes that motion. (See generally dkt. entry no. 71, MDHS Opp'n.) The Court will resolve the Motion to Dismiss the Fourth-Party Complaint without oral argument pursuant to Local Civil Rule 78.1(b).

**THE COURT** notes that a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the 'pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Rule 8(a)(2)).

**COURTS**, when examining a complaint in light of Rule 12(b)(6), must "accept all factual allegations as true, construe the

4

complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). "Liberal construction", however, "has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader. . . . Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions." Serra v. Berkshire Life Ins. Co. of Am., No. 07-1798, 2007 WL 2066384, at *2 (D.N.J. July 13, 2007) (brackets and citation omitted).

**THE COURT** has scrutinized the Fourth-Party Complaint. It appears that Paragraphs 1-11 of that pleading merely set forth the procedural history of the action, including, in part, some of the pertinent allegations found in the Complaint and the Amended Third-Party Complaint. (See, e.g., Fourth-Party Compl. at ¶ 10 ("Through their third-party complaint, defendants/third-party plaintiffs allege they have been damaged as a result of the breaches of duties by the third-party defendants, including MDHS.").) Paragraphs 12-17 set forth MDHS's conclusions regarding Polcari's alleged

5

liability.  (See, e.g., id. at ¶¶ 13, 17 ("any damages sustained by plaintiffs or third-party plaintiffs were caused by the negligence of fourth-party defendant Polcari in this matter").)

**THE COURT**, upon consideration of the Fourth-Party Complaint, now concludes that MDHS has failed to set forth sufficient factual allegations to support its claims for relief.  MDHS states, in its claims for contribution from and indemnification against Polcari, "any damages sustained by plaintiffs or third-party plaintiffs were caused by the negligence of fourth-party defendant Polcari in this matter."  (Id.)  It fails, however, to set forth sufficient information that establishes how or when Polcari acted negligently.[2]

**THE COURT** will enter an appropriate Order, granting the Motion to Dismiss the Fourth-Party Complaint without prejudice.  MDHS may, within thirty days, move for leave before the Magistrate Judge to file an Amended Fourth-Party Complaint that sets forth the factual bases for its claims.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Date:    August 23, 2012

---

[2] MDHS has merely established that Polcari works as an attorney in the state of New Jersey and that she represented the Aspdins during their purchase of the real property at issue. (Fourth-Party Compl. at ¶¶ 1-2.)  These allegations, standing alone, certainly cannot establish liability.